IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE EDWARD JARRELL, ) | |
| # 207680, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 1:19-cv-564-ECM-SRW |
| ) | [WO] |
| LEON BOLLING, et al., ) | |
| ) | |
| Respondents. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Alabama inmate George Edward Jarrell's petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on July 23, 2019. Doc. 1.[1] Jarrell challenges his 2018 Houston County guilty plea convictions for conspiracy to commit first-degree assault and unlawful distribution of a controlled substance. Respondents argue that Jarrell's petition is time-barred under the one-year federal limitation period. Doc. 13. The court agrees and finds that Jarrell's § 2254 petition should be denied without an evidentiary hearing and that this case should be dismissed with prejudice.

### I. BACKGROUND

On June 5, 2018, Jarrell pled guilty in the Houston County Circuit Court to one count of conspiracy to commit first-degree assault, in violation of ALA. CODE § 13A-4-

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk. Pinpoint citations are to the page of the electronically filed document in the Court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

3, and one count of unlawful distribution of a controlled substance, in violation of ALA. CODE § 13A-12-211. Docs. 13-3, 13-6. On that same date, the trial court sentenced Jarrell to concurrent terms of 130 months in prison on each count. Doc. 13-4. Jarrell did not appeal.

Jarrell filed this § 2254 petition on July 23, 2019.[2] Doc. 1. In his petition, he presents claims that (1) his guilty plea was not knowing and voluntary; (2) his conviction was obtained by use of evidence obtained pursuant to an unlawful search and seizure; (3) his arrest was unlawful; (4) he received ineffective assistance of counsel; (5) he was denied a trial when he was forced to plead guilty; (6) he was denied a preliminary hearing; (7) he was denied his right to appeal; (7) his conviction was obtained by an unconstitutionally selected grand jury; and (8) his conviction resulted from a malicious prosecution. Doc. 1 at 5–9; Doc. 1–1.

Respondents answer that Jarrell's petition is time-barred under the AEDPA's one-year statute of limitations.[3] Doc. 13 at 5–7.

## II.  DISCUSSION

**A.     The AEDPA's Statute of Limitations**

---

[2] Jarrell's § 2254 petition was stamped as received in this court on August 6, 2019. Doc. 1 at 1. However, under the "prison mailbox rule," the Court deems Jarrell's petition to be filed on July 23, 2019, the date that he represents that he signed it and presumptively delivered it to prison authorities for mailing. Doc. 1 at 10. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

[3] Respondents also argue that Jarrell's claims are procedurally defaulted. Doc. 13 at 7–12.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a one-year statute of limitations for filing a § 2254 petition. Title 28 U.S.C. § 2244(d) of the AEDPA states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.  Analysis of Timeliness**

Under 28 U.S.C. § 2244(d)(1)(A), the AEDPA's one-year limitation period runs from the date on which a petitioner's state court judgment becomes final, either "by the conclusion of direct review or the expiration of the time for seeking such review." *Pugh v.*

*Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006) (quoting § 2244(d)(1)(A)). Jarrell took no direct appeal. Therefore, his conviction became final, and the one-year limitation period in § 2244(d)(1)(A) began to run, on July 17, 2018—i.e., 42 days after his June 5, 2018 sentencing. *See Womack v. State*, 684 So. 2d 167 (Ala. Crim. App. 1995); Ala. R. App. P. 4(b)(1). Absent some tolling event, whether statutory or equitable, Jarrell had until July 17, 2019, to file a § 2254 petition.

    1.    ***Statutory Tolling***

Under 28 U.S.C. § 2244(d)(2), the AEDPA's one-year limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging the petitioner's conviction and sentence. *See Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001). Jarrell gets no tolling benefit from § 2244(d)(2), however, because he filed no petition for postconviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Without such a filing, the federal clock continued to run.

Nor do the provisions of 28 U.S.C. § 2244(d)(1)(B) through (D) provide a safe harbor for Jarrell by affording a different triggering date so that the AEDPA's one-year limitation period commenced on some date later than July 17, 2018, or expired on some date later than July 17, 2019. That is, there is no evidence that an unlawful state action impeded Jarrell from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B); Jarrell presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, *see* 28 U.S.C. § 2244(d)(1)(C); and Jarrell submits no ground for relief with a factual predicate not discoverable earlier with due diligence, *see* 28 U.S.C. § 2244(d)(1)(D).

4

The controlling limitation period for Jarrell's petition is the one set forth in § 2244(d)(1)(A). Jarrell filed his § 2254 petition on July 23, 2019—six days after the AEDPA's statute of limitations expired.

### 2. *Equitable Tolling*

The AEDPA's statute of limitations may be equitably tolled on grounds besides those in the habeas statute if a petitioner untimely files "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The U.S. Supreme Court has held that a habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308.

Jarrell appears to argue that he is entitled to equitable tolling because he is ignorant of the law, was limited in his ability to conduct legal research, and did not understand the limitation period for filing a federal habeas petition. Doc. 15 at 1. The law is settled, however, that a petitioner's ignorance of the law is an insufficient ground on which to toll the limitation period. *See Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000) (ignorance of the law is insufficient rationale for equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (neither "a plaintiff's unfamiliarity with the legal process nor

his lack of representation during the applicable filing period merits equitable tolling."); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (same); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (equitable tolling not warranted to prisoner claiming he lacked access to federal statutes and case law); *Henderson v. Johnson*, 1 F.Supp.2d 650, 656 (N.D. Tex. 1998) (claims that petitioner "did not have professional legal assistance [and] 'did not know what to do' . . . are far from the extraordinary circumstances required to toll the statute"). Therefore, Jarrell fails to establish entitlement to equitable tolling, and his petition is time-barred by the AEDPA's statute of limitations.[4] 28 U.S.C. § 2244(d)(1)(A).

C.   **Actual Innocence**

The AEDPA's statute of limitations can be overcome by a credible showing of actual innocence. *McQuiggin v. Perkins,* 569 U.S. 383, 393–94 (2013). Habeas petitioners asserting actual innocence as a gateway to review of time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The standard exacted by the Supreme Court in *Schlup* "is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006).

---

[4] No claim presented by Jarrell is his § 2254 petition has ever been presented to, or litigated in, the state courts, and when he filed his § 2254 petition, it was too late for him to return to state court to raise any of his claims. *See* Ala. R. App. P. 4(b)(1); Ala. R. Crim. P. 32.2(c).

6

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998). In *Schlup*, the Supreme Court stated:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Jarrell asserts that he is actually innocent. Doc. 15 at 1. But that is all he does. He points to no new reliable evidence tending to establish that he is factually innocent of the crimes to which he pled guilty. He alleges that "[t]he cases were made up to cover an unlawful arrest." Doc. 15 at 1. But this allegation is not supported by facts demonstrating his innocence. His unsupported assertions fail to satisfy the actual-innocence exception to the habeas statute's time-bar as articulated in *Schlup*. Because the actual-innocence exception does not apply, the claims in Jarrell's time-barred § 2254 petition are not subject to federal habeas review.[5]

### III. CONCLUSION

---

[5] Arguably, Jarrell presents his actual-innocence claim as a "freestanding" claim, not as a gateway to review of his time-barred claims. The Eleventh Circuit has left open the question of whether federal habeas courts may entertain freestanding actual-innocence claims in non-capital cases. *See Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1272 (11th Cir. 2010); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007). However, assuming for the sake of argument that Jarrell may assert his "actual innocence" claim as a freestanding, "non-gateway" claim, such a claim is still subject to the AEDPA's procedural restrictions, including the limitation period in § 2244(d). *See, e.g., Moody v. Thomas*, 89 F. Supp. 3d 1167, 1270–71 (N.D. Ala. 2015) (freestanding actual-innocence claim, if cognizable, was subject to exhaustion requirement. Thus, any freestanding actual-innocence claim by Jarrell is time-barred under § 2244(d).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Jarrell's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice because the petition was filed after expiration of the AEDPA'S one-year statute of limitations, 28 U.S.C. § 2244(d), and the untimely filing is not otherwise excused.

It is further

ORDERED that the parties shall file any objections to this Recommendation by May 20, 2022. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 6th day of May, 2022.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge